## L. E. WILLIAMS v. STATE.
No. A-10246.   Oct. 27, 1943.
(142 P. 2d 647.)

Glen O. Morris and R. O. Swimmer, both of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, J.  Defendant, L. E. Williams, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, waived a jury, was tried before the court, found guilty, and his punishment assessed by the court at a fine of $50, and to serve 30 days in the county jail. From this judgment and sentence he has appealed.

The only assignment of error is that the evidence is insufficient to sustain the judgment and sentence.

The only witness offered by the state was Jack Caldwell, a policeman of Oklahoma City. He testified that on October 4, 1940, he procured a search warrant and searched the premises located at 325½ East Second street, in Oklahoma City. This consisted of several rooms on the second floor, occupied by the defendant, who was present at the time of the search. As a result of the search, the officers found three pints of gin and one pint of apricot liquor. Defendant stated that was all he had. The apricot brandy was in a book-case, and the gin was in a plant over the front window. A bed was located in this room, and defendant claimed that it was his home.

Defendant operated a restaurant in which beer was sold in the lower part of the building.

The above evidence produced a prima facie case for the state, inasmuch as the amount of liquor found exceeded one quart.

Defendant testified in his own behalf that he owned and operated the restaurant on the ground floor. He denied that whisky or intoxicating liquor was sold therein. He admitted the possession of the liquor found, but testified that the gin was for his own use, and had been prescribed by his doctor for kidney trouble. He did not name the doctor who had prescribed for him. He testified that the apricot brandy was left with him by some man whom he did not name, and that it belonged to a woman who was going to have a birthday party that night, and that he was only keeping it for her. He did not give her name. He testified that he told Officer Caldwell about this at the time of the search. On cross-examination defendant testified that he had been previously convicted of

a violation of the prohibition law, 37 O. S. 1941 § 1 et seq., and that he had been convicted of a felony, but his case had been reversed by this court. The record does not reveal the final outcome of that case.

On rebuttal Officer Caldwell testified that defendant did not tell him at the time of the search that the apricot brandy had been given him to keep for a woman who was having a birthday party.

From the above statement, it may be readily observed that the question of intent was a question of fact presented to the court. We do not find that the evidence was insufficient to sustain the judgment and sentence. Under the law, the finding of the trial court was the same as if the issue had been passed upon by a jury.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

JONES, P. J., and DOYLE, J., concur.